# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUSSELL E. ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-13-1366-R |
| ) | |
| PAUL KASTNER, Warden, ) | |
| Federal Transfer Center, Oklahoma, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Russell E. Robinson, while incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma, filed pro se an initiating pleading titled "28 U.S.C. § 2241 . . . Application for Writ of Habeas Corpus" ("Petition," Doc. No. 1). The matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b). For the reasons detailed below, the undersigned recommends that the Petition be dismissed without prejudice for lack of subject matter jurisdiction.

BACKGROUND

In 2007, Petitioner was convicted in the United States District Court of the Virgin Islands of conspiracy to possess with intent to distribute cocaine, conspiracy to import cocaine, and conspiracy to launder money. *United States v. Robinson*, No. 1:04-cr-005-WAL-2 (D.V.I. filed Mar. 29, 2007) (judgment and sentence). Petitioner was sentenced to a 160-month term of incarceration. *Id.* The conviction was affirmed by the United States Court of Appeals for the Third Circuit on direct appeal. *United States v. Fleming*,

287 F. App'x 150 (3d Cir. 2008) (affirming conviction of Petitioner and two co-defendants). Petitioner's subsequent motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 was denied. *Robinson v. United States*, No. 1:08-cv-103-JRS, 2009 WL 4110319 (D.V.I. Nov. 25, 2009) (order). Various other motions filed by Petitioner seeking postconviction relief were also denied. *See generally Robinson v. United States*, No. 1:08-cv-103-JRS (D.V.I.) (docket reflecting denial of multiple motions seeking postconviction relief); *United States v. Robinson*, No. 1:04-cr-005-WAL-2 (D.V.I.) (same). Most recently, as discussed in more detail below, the Third Circuit denied Petitioner's application under 28 U.S.C. §§ 2244 and 2255 for leave to file a second or successive § 2255 motion in the district court. *In re Robinson*, No. 13-2939 (3d Cir. Aug. 7, 2013) (order).

In his Petition under 28 U.S.C. § 2241 now before this Court, Petitioner contends that "the jury did not, in fact, convict him, and the entire proceeding was invalid due to prosecutorial error." Pet. at 2 (internal quotation marks omitted). Petitioner explains that "the jury returned a general verdict of 'Guilty' to the charged offenses" but then "answered 'NO' to all possible Drug Quantities on the 'Special Verdict' Form." Pet. at 2. Petitioner thus contends that "an essential element of the charged offenses . . . was not found by the trial jury," and, therefore, "there has never been a valid verdict ab initio." Pet. at 2-3 (capitalization altered and emphasis omitted); *see also* Pet. at 5 (asserting Petitioner "was never validly 'convicted' of any drug or related money laundering offenses, as the jury failed to find 'beyond a reasonable doubt' a crucial element of the charged offenses" (capitalization altered)), 6 (asserting that drug quantity "establishes the

level of 'aggravation' of the charged offenses," constituting an element of the crime to be found by the jury rather than the trial judge (capitalization altered)).

Petitioner contends that absent a valid verdict, the judgment and sentence entered against him cannot be valid. *See* Pet. at 4. Petitioner admits that he previously raised the above arguments on direct appeal, on motion under 28 U.S.C. § 2255, and in "numerous" other motions for postconviction relief. *See id.* at 2.

Petitioner now asserts that the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), announced a new rule of constitutional law made retroactive to cases on collateral review, thereby permitting him to raise the above arguments again. *See* Pet. at 5, 7-9. Petitioner further asserts that this Petition is permitted under 28 U.S.C. § 2241 because a motion under 28 U.S.C. § 2255 would be inadequate or ineffective to test the legality of his sentence.[1] *See* Pet. at 1, 4 (citing 28 U.S.C. § 2255(e)).

ANALYSIS

A petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 generally seeks to challenge the execution of a sentence, as opposed to its validity, and is filed in the district of the petitioner's confinement. *Brace v. United States*, 634 F.3d 1167, 1169

---

[1] Petitioner recently raised similar arguments in a pleading filed under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Texas that was dismissed for lack of jurisdiction. *See Robinson v. Chandler*, No. 4:13-CV-510-Y, 2013 WL 6524635 (N.D. Tex. Dec. 12, 2013). Petitioner's appeal in that matter to the United States Court of Appeals for the Fifth Circuit was dismissed based on a failure to pay the docketing fee. *Robinson v. Chandler*, No. 13-11416 (5th Cir. Apr. 4, 2014) (clerk order).

(10th Cir. 2011). By contrast, to challenge the validity of a federal conviction or sentence—i.e., to challenge the legality of one's federal detention—the petitioner typically must file a motion under 28 U.S.C. § 2255 in the district that imposed the sentence. *Id.*; *see* 28 U.S.C. § 2255(a). However,

> [a] federal prisoner may file a § 2241 petition to challenge the legality of his conviction under the limited circumstances provided in the so-called "savings clause" of § 2255. Pursuant to this savings clause, a § 2241 petition may be appropriate if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). However, § 2255 will rarely be an inadequate or ineffective remedy to challenge a conviction.

*Brace*, 634 F.3d at 1169 (alteration in original) (citation omitted). It is the prisoner's burden to establish that his circumstances are within the "extremely limited" confines of the savings clause and not an attempt to circumvent the statutory limitations on second or successive motions under § 2255. *See Prost v. Anderson*, 636 F.3d 578, 584, 586 (10th Cir. 2011); 28 U.S.C. § 2255(e), (h).

If "a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion . . . then the petitioner may not resort to the savings clause and § 2241." *Prost*, 636 F.3d at 584. "[T]he [savings] clause is concerned with process—ensuring the petitioner an *opportunity* to bring his argument—not with substance—guaranteeing nothing about what the *opportunity* promised will ultimately yield in terms of relief." *Id.* "The ultimate result may be right or wrong as a matter of substantive law, but the savings clause is satisfied so long as the petitioner had an opportunity to bring and test his claim." *Id.* at 585. The Tenth Circuit has "long and repeatedly said that a petitioner's [f]ailure to obtain relief under § 2255 does not establish

4

that the remedy so provided is either inadequate or ineffective, and that an erroneous decision on a § 2255 motion doesn't suffice to render the § 2255 remedy itself inadequate or ineffective." *Id.* (alteration in original) (emphasis, citation, and internal quotation marks omitted).

In sum, the savings clause is concerned with ensuring adequate and effective procedure—more specifically, the opportunity for such procedure—and is not concerned with results. Here, Petitioner admits he has had the opportunity to raise the argument he now presents and, in fact, has raised it on "numerous" occasions, including in his initial § 2255 motion. *See* Pet. at 2. Thus, by Petitioner's own admission, his remedy under § 2255 was not inadequate or ineffective as those terms are applied under the relevant authority. Petitioner is not entitled to invoke the savings clause and proceed under § 2241 simply because he disagrees with the outcome of his initial § 2255 motion. *See Prost*, 636 F.3d at 584-85.[2]

Petitioner has not established that his circumstances meet the "extremely limited" conditions that would permit him to invoke the savings clause of § 2255 and, in turn, to

---

[2] As a logical consequence of the fact that the relevant inquiry for this Court is whether Petitioner was supplied an adequate procedure, and not whether the legally correct result was reached on the merits, new authority regarding the substantive law underlying a prior denial of a § 2255 motion, even if issued by the U.S. Supreme Court, is not a ground for invocation of § 2255's savings clause. "[T]he absence of [a case] from the U.S. Reports at the time of a prisoner's first § 2255 motion has [nothing] to do with the question whether § 2255 was an inadequate or ineffective remedial mechanism for challenging the legality of his detention." *Prost*, 636 F.3d at 589. Here, regardless of any later Supreme Court decision such as *Alleyne*, Petitioner was accorded an adequate and effective remedy under § 2255 when he raised the argument that he now seeks to present.

5

file a petition under § 2241. The undersigned finds, instead, that Mr. Robinson's Petition constitutes an attempt to circumvent the limitations on a second or successive motion under § 2255. *See Prost*, 636 F.3d at 584, 586; 28 U.S.C. § 2255(e), (h). Therefore, Petitioner is not entitled to proceed under § 2241. Consequently, this Court lacks subject matter jurisdiction over the Petition, requiring its dismissal. *See Abernathy v. Wandes*, 713 F.3d 538, 557-58 (10th Cir. 2013) ("[W]hen a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims.").

The Court would also lack subject matter jurisdiction over the Petition if it were construed as a § 2255 motion, because such motion must be filed in the district that imposed the sentence—in this case, the United States District Court of the Virgin Islands. *See* 28 U.S.C. § 2255(a); *Brace*, 634 F.3d at 1169. Although transfer—as opposed to dismissal—of a § 2255 motion is permitted "if it is in the interest of justice," that option is not recommended in this case. *See In re Cline*, 531 F.3d 1249, 1251-53 (10th Cir. 2008) (per curiam) (discussing transfer of second or successive § 2255 motion to appropriate court). Even if the Petition were to be construed as a § 2255 motion and transferred to the District Court of the Virgin Islands, jurisdiction would be lacking there because Petitioner has not obtained certification from the United States Court of Appeals for the Third Circuit to file a second or successive § 2255 motion. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (noting district court lacks jurisdiction over second or successive § 2255 motion, absent

requisite certification from appropriate court of appeals). In fact, the Third Circuit has already denied such certification:

> Petitioner's application under 28 U.S.C. §§ 2244 and 2255 for authorization to file a second or successive § 2255 motion is denied because petitioner has not made a prima facie showing that his claim satisfies the applicable standard. *See* 28 U.S.C. §§ 2244(b)(2), 2255(h). In particular, petitioner has not made a prima facie showing that his inconsistent-verdict claim (which we rejected in both his direct appeal and the direct appeal of his similarly situated co-defendant Elroy Dowe, *see United States v. Dowe*, 313 F. App'x 531, 534 (3d Cir. 2009)), relies on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), or that *Alleyne* otherwise calls the basis for our previous decisions into question. We thus need not decide whether *Alleyne* announced a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2244(b)(2)(A), 2255(h)(2); *but see Reinhold v. Rozum*, 604 F.3d 149, 154-55 (3d Cir. 2010).

*In re Robinson*, No. 13-2939 (3d Cir. Aug. 7, 2013) (order). In light of this ruling, transfer to permit Petitioner to obtain certification would be futile. Accordingly, the undersigned recommends that, even if construed as a motion under § 2255, the Petition should be dismissed without prejudice for lack of jurisdiction. *See* 28 U.S.C. § 2255(a); *Owens-El v. Wiley*, 182 F. App'x 803 (10th Cir. 2006) (affirming dismissal of § 2255 petition after non-sentencing district court dismissed petition for lack of jurisdiction).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition filed by Russell E. Robinson (Doc. No. 1) be dismissed without prejudice for lack of jurisdiction.[3]

---

[3] As noted, Petitioner filed his initiating pleading under 28 U.S.C. § 2241, while incarcerated in this Court's district at the Federal Transfer Center in Oklahoma County, Oklahoma. *See* Pet. at 10; 28 U.S.C. § 116(c). Petitioner has since been transferred to

NOTICE OF RIGHT TO OBJECT

Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by July 9, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case.

ENTERED this 18th day of June, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE

---

pre-release custody in Miami Gardens, Florida. Notification of Change of Address, Doc. No. 7. A petitioner's transfer does not deprive this Court of jurisdiction over a matter properly before the Court under 28 U.S.C. § 2241. *See Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). The transfer does, however, deprive the Court of its ability to enforce any "effectual relief" it might order because Respondent Paul Kastner, the Federal Transfer Center's Warden, is no longer Petitioner's custodian and the Court lacks jurisdiction over Petitioner's current custodian in Florida. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Further, the initiating pleading is deficient because it is not signed under penalty of perjury. *See* 28 U.S.C. § 2242; Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also* 28 U.S.C. § 1746. In light of the recommendation of dismissal for lack of jurisdiction, these issues have not been addressed.